UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CORNELIUS WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13CV50 LMB |
| ) | |
| GEORGE A. LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 185413), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $30.35. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $48.96, and an average monthly balance of $151.78. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $30.35, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct.

1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff, an inmate at Southeast Correctional Center, seeks monetary relief in this action 42 U.S.C. § 1983 action against twenty-eight (28) named defendants, all but six of which are employed by the State of Missouri. The remainder of the defendants are employed by Correctional Medical Services("CMS")/Corizon, Inc.

Plaintiff's allegations arise out of a host of different occurrences that took place from the Fall of 2009 and continued through the present.

For example, plaintiff claims he was placed in administrative segregation in violation of his due process rights for a term of 431 days. He also claims that he was subjected to cruel and unusual punishment during his incarceration in administrative segregation, constantly subjected to false conduct violations, daily harassment and fraudulent write-ups. Plaintiff claims that these actions were done by a plethora of different defendants at many different times throughout the past four years.

He further asserts that his rights under the Americans with Disabilities Act were violated in an abundance of ways from 2009 through the present. He names a long list of places and facilities in the prison that were not handicapped accessible, in addition to many instances he believed he was being subjected to discrimination on the basis of an alleged disability by several different defendants. Plaintiff also believes he was denied the proper medical devices needed for his disability, including a properly fit wheelchair, along with a wheelchair cushion, and transportation in a handicapped-accessible van, as well as a properly fitted shower stall.

Plaintiff additionally claims that he was denied proper medical treatment in violation of the Eighth Amendment on numerous occasions, including: (1) to and from trips to an outside hospital; (2) several times when he sought medical treatment for difficulty with his blood sugar, especially times when he was forced to hit the medical emergency button in his cell and several of the defendant guards ignored him; (3) several times when he sought medical treatment for difficulty with his liver disease and was not given the treatment he believed he needed, including a liver biopsy and treatment with Interferon; (4) an occasion where he alleges he had a bad reaction to the medication amitriptyline and he was accused of attempting escape;(5) several times when he was denied timely refills of medication and suffered what he believed to be

adverse medical consequences; and (6) several times he was denied "diabetic diet bags" due to what plaintiff believes is a cost-saving measure for CMS/Corizon.

Plaintiff also claims he was unfairly subjected to retaliatory punishment as a result of filing grievances against certain defendants. Many of his claims seem to imply retaliation, but his complaint is inarticulate as to which of the defendants he believes retaliated against him and in exactly what ways he believes he was retaliated against.

Plaintiff further believes he was unlawfully denied property, and he claims he was denied due process in his attempts to seek return of his property. Plaintiff additionally appears to be making a denial of his First Amendment rights claim, alleging that he was denied access to the Courts at some point during his incarceration.

The aforementioned are but samples of the numerous allegations plaintiff asserts against the twenty-eight named defendants in his almost sixty-page complaint. The separate claims bear little or no relationship to each other.

**Discussion**

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For the most part, however, the instant action presents a case involving multiple claims against, not one, but twenty-eight defendants. Indeed, it appears that plaintiff is attempting to cram almost every claim he might have ever had (or at least had in the past four years) against almost thirty defendants into one lawsuit. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. *See id.* (district court should question joinder of defendants and claims in prisoner cases). Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants

belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file an amended complaint in this action. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed.R.Civ.P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed.R.Civ.P. 18(a).

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to

that particular defendant, as well as the right(s) that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews.[1] *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

---

[1] As plaintiff will be filing an amended complaint containing new claims and new defendants, the Court will deny, without prejudice, with leave for refiling, his motion for preliminary injunction and for transfer. Plaintiff's motion for appointment for counsel will also be denied without prejudice with leave for refiling at the time of the filing of his amended complaint.

Last, if plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim(s) on a separate complaint form and either pay the $400 filing fee or file a motion for leave to proceed in forma pauperis and certified inmate account statement. In anticipation of such an occurrence, the Court will instruct the Clerk to provide plaintiff with the appropriate blank forms for filing a complaint and motion to proceed in forma pauperis. Because each complaint would be filed as a new action, plaintiff should not put a cause number on the new complaint(s). The Clerk of Court will assign a cause number to each new action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $30.35 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction and for transfer [Doc. #7] is **DENIED WITHOUT PREJUDICE** with leave to refile if plaintiff shall so desire, at the time of the filing of the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED WITHOUT PREJUDICE** with leave to refile if plaintiff shall so desire, at the time of the filing of the amended complaint.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff five blank form complaints for the filing of a prisoner civil rights complaint, as well as five blank form motions for leave to proceed in forma pauperis. Plaintiff may request additional forms from the Clerk, as needed.

Dated this 12th day of August, 2013.

*[signature: Henry Edward Autrey]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE