# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV50 LMB |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for reconsideration of the Court's August 12, 2013 Memorandum and Order. For the following reasons the Court will deny plaintiff's motion.

In his motion for reconsideration plaintiff complains that he should not have to file an amended complaint in this action because he believes that all of the claims set forth in his almost sixty-page original complaint, against the twenty-eight (28) named defendants, spanning more than four-years time, deal with the same "transaction or occurrence." As noted in this Court's prior Memorandum and Order, and set forth in some detail, the Court disagrees.

The Court will not repeat its reasoning in this Order, but suffice to say that it has reviewed plaintiff's complaint comprehensively and found that it is not in compliance with Rules 18 and 20 of the Federal Rules of Civil Procedure. Although plaintiff may

protest this Court's direction to file an amended pleading, he has little recourse but to do so if he wishes to pursue his action against any of the named defendants. If plaintiff fails to follow this Court's directions, the Court will have to dismiss plaintiff's action, in its entirety, for plaintiff's failure to comply with the Court's Order. *See* Federal Rule of Civil Procedure 41.

As noted in the Court's prior Order, Rule 20(a)(2) is controlling in this instance and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Thus, plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed.R.Civ.P. 20(a)(2). <u>Alternatively</u>, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed.R.Civ.P. 18(a).

Last, if plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim(s) on a separate complaint form (in a separate and new action) and either pay the $400 filing fee or file a motion for leave to proceed in forma pauperis and certified inmate account statement. As such, plaintiff may still bring his claims against each and every defendant he has identified in his original complaint, but he must "split" his claims into separate actions before this Court, pursuant to Federal Rules of Civil Procedure 18 and 20.[1]

Accordingly,

---

[1] Plaintiff makes much of the fact that he is handicapped and thus, he cannot possibly be required to "split" his claims before this Court without appointed counsel. Plaintiff's pleadings are articulate and knowledgeable, and the Court believes, based on the nature of his claims and the pleadings so far filed by plaintiff, that he has the ability to represent himself in this action. Thus, to the extent that he is seeking appointment of counsel in this action, his request will be denied without prejudice at this time.

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the Court's August 12, 2013 Memorandum and Order [Doc. #9] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with the requirements set forth in the Court's August 12, 2013 Memorandum and Order his action will be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41.

Dated this 27th day of August, 2013.

                          HENRY EDWARD AUTREY
                          UNITED STATES DISTRICT JUDGE