# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CORNELIUS WILLIAMS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13CV50 LMB |
| | ) |
| GEORGE A. LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff's third motion for extension of time to file an amended complaint in compliance with the Court's August 12, 2013 Memorandum and Order. [Doc. #16] For the following reasons, plaintiff's motion will be denied and his action will be dismissed, without prejudice, pursuant to Fed.R.Civ.P. 41(b).

## Procedural History

On March 19, 2013, plaintiff, an inmate at Southeast Correctional Center ("SECC"), filed a roughly sixty-page complaint in this action, making claims pursuant to 42 U.S.C. § 1983. Attached to plaintiff's complaint were approximately 435 pages of exhibits which he asked to be considered as part of his pleading. Plaintiff sought leave to proceed in this action in forma pauperis.

On August 12, 2013, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. [Doc. #8] Plaintiff's complaint sought monetary relief against twenty-eight (28) named defendants, all but six of which were employed by the State of Missouri. The remainder were employed by Correctional Medical Services/Corizon, Inc. Plaintiff's allegations arose from a host of different occurrences that took place from the Fall of 2009 and continued on through present day; representing actions over the course of an almost five-year period.

For example, plaintiff claimed he was placed in administrative segregation in violation of his due process rights for a term of 431 days. He also claimed that he was subjected to cruel and unusual punishment during his incarceration in administrative segregation, constantly subjected to false conduct violations, daily harassment and fraudulent write-ups. Plaintiff claimed that these actions were done by a plethora of different defendants at many different times throughout the past four years.

He further asserted that his rights under the Americans with Disabilities Act ("ADA") were violated in an abundance of ways from 2009 through the present. He named a long list of places and facilities at SECC that were not handicapped-accessible, in addition to many instances he believed he was being subjected to discrimination on the basis of an alleged disability by several different defendants.

Plaintiff also claimed he was denied the proper medical devices needed for his alleged disability, including a properly fit wheelchair, along with a wheelchair cushion, and transportation in a handicapped-accessible van, as well as a properly fitted shower stall.

Plaintiff additionally claimed that he was denied proper medical treatment in violation of the Eighth Amendment on numerous occasions, including: (1) to and from trips to an outside hospital; (2) several times when he sought medical treatment for difficulty with his blood sugar, especially times when he was forced to hit the medical emergency button in his cell and several of the defendant guards purportedly ignored him; (3) several times when he sought medical treatment for difficulty with his liver disease and was not allegedly given the treatment he believed he needed, including a liver biopsy and treatment with Interferon; (4) an occasion where he alleged he had a bad reaction to the medication amitriptyline and he was accused of attempting escape;(5) several times when he was supposedly denied timely refills of medication and suffered what he believed to be adverse medical consequences; and (6) several times he was purportedly denied "diabetic diet bags" due to what plaintiff believes is a cost-saving measure for CMS/Corizon.

Plaintiff also claimed he was unfairly subjected to retaliatory punishment as a result of filing grievances against certain defendants. Many of his claims appeared

to imply retaliation, but his complaint was inarticulate as to which of the defendants he believed retaliated against him and in exactly what ways he believed he was retaliated against.

Plaintiff further believed he was unlawfully denied property, and he claimed he was denied due process in his attempts to seek return of his property. Plaintiff additionally appeared to be making a denial of his First Amendment rights claim, alleging that he was denied access to the Courts at some point during his incarceration.

The aforementioned were but samples of the numerous allegations plaintiff asserted against the twenty-eight (28) named defendants in his almost sixty-page (60-page) complaint. The separate claims bore little or no relationship to each other. As such, the Court required plaintiff to file an amended pleading separating his claims, pursuant to Federal Rules 18 and 20. Plaintiff was also counseled how to properly amend his complaint on a court-form and in compliance with this Court's Local Rules and Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff was provided with several additional complaint forms so that he could file separate actions relating to any defendants he wished to sue, in order to stay in compliance with the Federal Joinder Rules. Plaintiff was given until September 11, 2013 to amend his complaint.

On August 27, 2013, plaintiff sought reconsideration of the Court's Memorandum and Order, as well as appointment of counsel. The Court denied plaintiff's motion for reconsideration as well as his motion for appointment of counsel. [Doc. #9] Two days later, on August 29, 2013, plaintiff requested a six-month extension of time to amend. [Doc. #11] The reasons cited for the length of the extension included plaintiff's physical maladies, his incarceration status at a "Maximum Security Facility," his assignment to the "Enhanced Care Unit" at SECC which had somewhat limited access to the law library, and his purported "limited" knowledge of the law. [Doc. #11] The Court's denied plaintiff's request for a six-month extension of time; however, plaintiff was granted an approximate two-month extension, until October 31, 2013, to amend his pleading in compliance with the Court's prior Memorandum and Order. [Doc. #13]

On October 9, 2013 plaintiff sought a second extension of time to amend his complaint. [Doc. #14] In his motion, plaintiff repeated the same reasons as given for his prior request, with the added note that SECC had been "locked down five (5) times since" the last extension was granted." The Court granted plaintiff's request for an extension until November 30, 2013 to file his amended complaint but noted that this would be the last extension of time granted "without good case shown." [Doc. #15]

**Discussion**

In the instant motion before the Court, plaintiff, for the third time in this case, requests an extension of time to file an amended complaint in compliance with this Court's August 12, 2013 Memorandum and Order. As grounds for his request, plaintiff once again states that he is incarcerated in a "Maximum Security" prison, has "physical maladies" and is a "lay-person" in the law and lacks legal knowledge. None of these grounds show "good cause" such that they can provide plaintiff with the six-month extension of time that he has previously been denied. See Doc. #13.

This case has languished on the Court's docket since March of 2013 and has yet to have a pleading survive review under 28 U.S.C. § 1915. Judicial resources cannot continue to be expended on a case that has not moved in almost six months and has no finality in sight. Furthermore, this Court explicitly informed plaintiff in its October 10, 2013 Memorandum and Order that he would need to show "good cause" to seek another extension of time to file his amended pleading. He has failed to do so. There is simply nothing in the record to show that plaintiff has made reasonable or diligent efforts to pursue his lawsuit on his own behalf. Rather, he has continued to use the same excuses as to why he has been unable to submit to ordinary and fair deadlines. As such, his motion for extension will be

denied and this case will be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time [Doc. #16] is **DENIED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of December, 2013.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE